UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DAVID SCOTT GOLDSTEIN,<br><br>Plaintiff,<br><br>vs.<br><br>AVERA MCKENNAN HOSPITAL, SIOUX FALLS, SD 57117; HILLARY TURNER MD, AVERA MCKENNAN; JIM MIRSRAHI, CDC HEADQUARTERS; BETH BELL, CDC, ATLANTA GA 30335; AND D. FRANCISCO ALVARADO-RAMY, CDC ATLANTA GA;<br><br>Defendants. | 4:18-CV-04101-LLP<br><br>ORDER DISMISSING CASE |

On August 20, 2018, plaintiff David Scott Goldstein, appearing pro se, filed a complaint alleging defendants violated his civil rights while being confined at Avera McKennan Hospital under a confinement order issued by the Centers for Disease Control (CDC). Docket 1. Goldstein filed a motion to proceed without prepayment of fees and requests a court appointed attorney. Dockets 3 and 5.

There is a two-step screening process with in forma pauperis litigants. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1006 (E.D. Ark. 2016). First, district courts must determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating he is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion. *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). "In forma pauperis status does not require a litigant to demonstrate

absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000). Considering the information in the financial affidavit, the court finds that Goldstein has made the requisite financial showing to proceed in forma pauperis. *See* Docket 3.

But the inquiry does not end there. Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions. . ." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level. . ." *Id.* When determining whether a complaint fails to state a claim upon which relief may be granted, this court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v. Trustees. Of Hamline Univ.*, 747 F.3d 532, 534-35 (8th Cir. 2014).

Goldstein is proceeding pro se and his complaint is therefore entitled to a liberal construction. *Atkinson v. Bohn*, 91 F.3d 1127,1129 (8th Cir. 1996) (per curiam). Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912,914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. *Id.*

Although difficult to decipher the factual basis for the litigation, it appears that Goldstein claims that he was mistreated while being held at Avera McKennan Hospital. Goldstein alleges that he refused treatment for tuberculosis after testing negative for tuberculosis several times. Docket 1 at 1. Goldstein alleges he was threatened with sedation if he did not agree to take the tuberculosis medication. *Id.*

Goldstein fails to state a cognizable claim against the named defendants. In fact, many of Goldstein's claims allege facts against Columbia Corrective Care. *See* Docket 1 at 2 and 4. Rule 8 of the Federal Rules of Civil Procedure requires that a complaint set forth a short and plain statement of the claim showing that [plaintiff] is entitled to relief. Fed. R. Civ. P. 8(a)(2). This Rule also requires that each claim be simple, concise and direct Fed. R. Civ. P. 9(e)(2). The purpose of this rule is that a defendant be given fair notice of what the plaintiff's claim is and the grounds

upon which it rests. *Romine v. Acxiom Corp.*, 296 F.3d 701, 711 (8th Cir. 2002) citing *Swierkiewcz v. Sorema N.A.*, 534 U.S. 506 (2002). The complaint in this case does not give any of the defendants such fair notice of either the claims or grounds upon which they rest. The complaint should therefore be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(b).

Accordingly, it is ORDERED

1. Goldstein's motion for leave to proceed in forma pauperis (Docket 3) is granted.
2. Goldstein's motion for a court-appointed attorney (Docket 5) is denied as moot.
3. Goldstein's complaint fails to state a claim upon which relief may be granted and is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED August 22, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK
BY: _____
(SEAL)    DEPUTY